OPINION
{¶ 1} Appellant, Justin L. Sprowls ("Sprowls"), timely appeals a judgment entry of sentence from the Lake County Court of Common Pleas stemming from a jury verdict convicting Sprowls of two counts of reckless homicide, third-degree felonies in violation of R.C. 2903.041, and two counts of involuntary manslaughter, first-degree felonies in violation of R.C.2903.04(A). The trial court re-sentenced Sprowls on March 24, 2005 following this court's remand in State v. Sprowls, 11th Dist. No. 2003-L-056, 2004-Ohio-6328. As a result of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the statutes utilized by the trial court in rendering Sprowl's sentence have been declared unconstitutional and therefore we must vacate Sprowl's sentence and remand for re-sentencing consistent with Foster.
 {¶ 2} Sprowls asserts two assignments of error:
 {¶ 3} "[1.] THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT.
 {¶ 4} "[2.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM AND MAXIMUM PRISON SENTENCE BASED UPON A FINDING OF FACTORS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT-APPELLANT IN VIOLATION OF THE DEFENDANT-APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 5} We will address Sprowls' second assignment of error as it is dispositive of the appeal. The trial court relied on R.C.2929.14(B) and (C) and 2929.19(B)(2) in rendering its sentence to Sprowls. According to Foster, these statutes are now unconstitutional as they replace the judiciary as the fact-finder in lieu of the jury. Id.; See, also, Apprendi v. New Jersey
(2000), 530 U.S. 466; Blakely v. Washington (2004),542 U.S. 296. Accordingly, Sprowls' sentence is void and must be vacated.
 {¶ 6} However, Foster did not invalidate the entire Ohio sentencing scheme. The court determined that severing the unconstitutional provisions of the code would serve as an appropriate remedy. "All references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern." Foster at ¶ 96. After severance, R.C. 2929.14(B) and (C) and 2929.19(B)(2) are without meaning as "judicial findings are unconstitutional." Id. at ¶ 97.
 {¶ 7} After the severance of the applicable statutes, the trial court is entrusted with full discretion in meting out sentences. While this case was pending on direct review, the decision in Foster was released. As a result, Sprowls' sentence is void and must be vacated and remanded for re-sentencing. Id. at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing the maximum sentence or more than the minimum sentence. Id. at paragraph seven of the syllabus. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The discretion is left to the trial court. "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105.
 {¶ 8} It is important to note that Sprowls raised Blakely
at the trial court level during the re-sentencing. The trial court disregarded the argument. Despite the fact that the trial court determined that Blakely would not operate to invalidate Ohio's sentencing structure, the Supreme Court determined otherwise in Foster. Therefore, we find Sprowls' second assignment of error is well-taken.
 {¶ 9} Sprowls' first assignment of error challenges only the term of the sentence imposed. This assignment of error is moot in light of our decision to void Sprowls' sentence and reverse and remand pursuant to Foster.
 {¶ 10} In light of Foster, the judgment of the Lake County Court of Common Pleas is reversed. This case is remanded for proceedings to resentence consistent with this opinion pursuant to Foster.
Grendell, J., concurs, O'Neill, J., concurs in judgment only.